Chad Conelly (SBN 022394)
CONELLY LAW GROUP PLLC
Indian Bend Corporate Centre
8161 E. Indian Bend Road, Suite 103
Scottsdale, Arizona 85250
Telephone: 480-268-2658
cc@arizonalegal.com
*Attorneys for Plaintiff Rodale Cooley*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Rodale Cooley,

  Plaintiff,

v.

Phoenix Indian Center, Inc.,

  Defendant.

**COMPLAINT**

## NATURE OF THE ACTION

1. Plaintiff Rodale Cooley is seeking judgment, relief and damages brought under the Americans with Disabilities Act based on the unlawful conduct of his former employer, Phoenix Indian Center, Inc. ("Phoenix Indian Center").

2. Phoenix Indian Center subjected Mr. Cooley to discrimination, a hostile work environment, and retaliation by, among other actions, giving him a negative performance evaluation, unfairly scrutinizing him, and terminating his employment.

3. Phoenix Indian Center unlawfully failed to engage in the interactive process and failed to accommodate Mr. Cooley's disabilities.

## PARTIES, VENUE, AND JURISDICTION

4. Rodale Cooley was a resident of Maricopa County, Arizona when the events at issue in the Complaint occurred.

5. Mr. Cooley is a resident of Navajo County, Arizona.

1

6. Defendant Phoenix Indian Center is an Arizona nonprofit corporation that does business in Maricopa County, Arizona.

7. The events occurred in Maricopa County, Arizona.

8. This Court has subject matter jurisdiction over this dispute.

9. This Court has jurisdiction over Plaintiff's claims under 42 U.S.C. § 12101 et seq. (the Americans with Disabilities Act) and 28 U.S.C. § 1331 (federal question).

10. This Court has personal jurisdiction over the parties.

11. Venue in this Court is proper.

## GENERAL ALLEGATIONS

12. Mr. Cooley started working at Phoenix Indian Center around July 2015.

13. On or about June 25, 2018, Mr. Cooley had a seizure. Doctors discovered a brain tumor.

14. Mr. Cooley was diagnosed with Anaplastic Astrocytoma.

15. Mr. Cooley took time off work at Phoenix Indian Center to deal with his medical condition.

16. Mr. Cooley returned to work on about July 19, 2018.

17. Mr. Cooley's disability negatively affected his ability to stand, and he had limited mobility.

18. Mr. Cooley underwent surgery for his condition in March 2019.

19. Mr. Cooley took time off to deal with his medical condition and he returned to work in April 2019.

20. Because of his disability, Mr. Cooley had problems speaking and problems with his communications skills. Yet, Mr. Cooley was able to perform all his essential job duties.

21. While continuing to work, Mr. Cooley underwent additional medical treatment in May and June of 2019.

22. Around December 2019, Mr. Cooley began experiencing harassment and a hostile work environment due to his disability, including being unfairly scrutinized on his work, despite Phoenix Indian Center's knowledge of his disability and how it affected him.

1  This included, but was not limited to, comments about his speech impairment.

2  23.  In January 2020, Mr. Cooley received a negative performance review.

3  24.  The purported negative performance about which the Phoenix Indian Center accused Mr. Cooley concerned the physical limitations caused by his disability – Mr. Cooley's managers said he could not do the tasks assigned to him.

25.  Phoenix Indian Center knew about Mr. Cooley's disability and his limitations.

26.  Mr. Cooley was shocked by the negative performance review because he thought, despite the limitations from his disability, he was performing well.

27.  Phoenix Indian Center never discussed possible accommodations with Mr. Cooley to address any performance issues related to his disability.

28.  Phoenix Indian Center never offered Mr. Cooley any accommodation to address any performance issues related to his disability.

29.  Instead, Phoenix Indian Center terminated Mr. Cooley on January 31, 2020, telling him the reason was because "Arizona is a right-to-work state."

30.  Mr. Cooley filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 20, 2020.

31.  On December 23, 2020, the EEOC issued a right to sue letter to Mr. Cooley and he brings this action within 90 days of that letter.

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

32.  Mr. Cooley realleges each allegation in this Complaint and incorporates them here by reference.

33.  Mr. Cooley is a "qualified individual" with a disability as defined in the Americans with Disabilities Act (the "ADA").

34.  Phoenix Indian Center is an "employer" and "covered entity" under the ADA.

35.  Mr. Cooley was a qualified individual able to perform the essential functions of the job.

36.  Mr. Cooley suffered adverse employment actions because of his disability.

4814-4100-7585, v. 1

**Discrimination**

37. Mr. Cooley realleges each allegation in this Complaint and incorporates them here by reference.

38. Phoenix Indian Center discriminated against Mr. Cooley based on his disability in violation of the ADA by, among other actions, unfairly scrutinizing him on the performance of tasks and terminating his employment due to his disability or Phoenix Indian Center's perception that Mr. Cooley was disabled and Mr. Cooley's record of disability.

39. Mr. Cooley suffered adverse employment actions by way of Phoenix Indian Center's discrimination against him because of his disability, including termination.

40. Phoenix Indian Center's discrimination against Mr. Cooley violates the ADA.

**Failure to Engage in the Interactive Process and**

**Failure to Provide a Reasonable Accommodation**

41. Mr. Cooley realleges each allegation in this Complaint and incorporates them here by reference.

42. Mr. Cooley notified Phoenix Indian Center of his health problems and disability during his employment.

43. Phoenix Indian Center knew of Mr. Cooley's disability during his employment.

44. Phoenix Indian Center knew or perceived that Mr. Cooley needed accommodations during his employment to address his disabilities.

45. Phoenix Indian Center had a legal duty to participate in the interactive process to determine whether Mr. Cooley's disabilities could be accommodated.

46. Reasonable accommodations were possible to address Mr. Cooley's disabilities.

47. Phoenix Indian Center failed to engage in the interactive process.

48. Phoenix Indian Center failed to provide Mr. Cooley reasonable accommodations to address his disabilities.

49. Mr. Cooley suffered adverse employment actions because of his disabilities.

50. Phoenix Indian Center's failure to engage in the interactive process and failure to provide Mr. Cooley a reasonable accommodation, and subjecting him to adverse employment

actions, violate the ADA.

## Hostile Work Environment

51. Mr. Cooley realleges each allegation in this Complaint and incorporates them here by reference.

52. Phoenix Indian Center subjected Mr. Cooley to verbal and other harassment.

53. Phoenix Indian Center's verbal and other harassment of Mr. Cooley was based on his disabilities.

54. The harassment was sufficiently severe and pervasive to alter the conditions of Mr. Cooley's employment and created an abusive working environment.

55. Phoenix Indian Center knew or should have known of the harassment and failed to take prompt effective remedial action.

56. Phoenix Indian Center's conduct violates the ADA.

## Retaliation

57. Mr. Cooley realleges each allegation in this Complaint and incorporates them here by reference.

58. Mr. Cooley took protected activity which included, among other actions, informing Phoenix Indian Center he disagreed with the negative performance evaluation.

59. Because of Mr. Cooley protected activity, Phoenix Indian Center took negative employment actions against him, which concluded in Phoenix Indian Center's termination Mr. Cooley's employment.

60. Phoenix Indian Center's conduct constitutes unlawful retaliation under the ADA.

## Damages under the ADA

61. Because of Phoenix Indian Center's unlawful actions as stated in this Complaint, Mr. Cooley has been damaged.

62. Because of Phoenix Indian Center's violations of the ADA as stated in this Complaint, Mr. Cooley has suffered substantial losses, including loss of earnings.

63. Because of Phoenix Indian Center's violations of the ADA as stated in this Complaint, Mr. Cooley suffered embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

64. The discriminatory and retaliatory conduct of Phoenix Indian Center was outrageous and malicious, was intended to injure Mr. Cooley, and was done with reckless indifference to Mr. Cooley's protected civil rights, entitling Mr. Cooley to an award of punitive damages.

65. Mr. Cooley is entitled to an award of his attorneys' fees and costs.

## JURY DEMAND

66. Mr. Cooley requests trial by jury.

WHEREFORE, Mr. Cooley requests that the Court enter a judgment in his favor against Phoenix Indian Center:

A. For an award of Mr. Cooley's damages for loss of wages, benefits, and promotional opportunities, including an award of back pay and front pay for all lost salary and benefits.

B. For an award of damages to compensate Mr. Cooley for mental anguish, humiliation, embarrassment, and emotional injury.

C. For all other damages permissible under the ADA.

D. For an order enjoining Phoenix Indian Center from engaging in the unlawful employment practices to which it subjected Mr. Cooley, and other remedial action as may be appropriate, which may include, but is not limited to, reinstatement of Mr. Cooley with back pay, and any other equitable relief as the court deems appropriate.

E. For an award of punitive damages.

F. For an award of reasonable attorneys' fees and the costs of this action.

G. For pre-judgment and post-judgment interest on all amounts awarded.

H. For any other and further relief as the Court deems just and proper.

4814-4100-7585, v. 1

RESPECTFULLY SUBMITTED: March 19, 2021.

CONELLY LAW GROUP PLLC

*/s/ Chad Conelly*
Chad Conelly
*Attorneys for Rodale Cooley*

## CERTIFICATE OF FILING

I hereby certify that on March 19, 2021, I electronically transmitted this document to the Clerk's Office using CM/ECF System for filing.

*s/ Chad Conelly*